*159 Opinion of the, Court,
by Judge Mills.
THE court below erred in carrying the former opinIon of this court [2 Mar. 224] into effect, by decreeing to M’Chord’s heirs eighty six and one quarter acres of land more than the bond given to their ancestor demands* as it can only entitle them to three hundred acres by its terms, A commissioner or commissioners ought to be appointed, to lay off and demark to the complainants below, the quantity of three hundred acres, including, in réasonable form, the settlement and improvements of the decedent, and leaving the residue in convenient form, and of equal average value with that assigned to the complainants, if that be practicable. The sum fixed by the decree to be paid to Logan, is not correct; but we have not thought it necessary to make the calculations, as that can be done in the court below, and the subsequently accruing interest added. On the coming in of the report, and on tender of the money as directed in the for *160 mer decree, and bringing the money into court and establishing the tender, the court is' directed to enter a decree as directed in the first opinion of this court, or on a failure of the complainants, to dismiss the bill, as therein directed.
Upon a tender of the balance of the purchase money being made, a decree for a conveyance directed to be rendered; but if not, the bill to be dismissed.
The defendant, Talbot, in the event of Logan’s being directed to convey the land, must be decreed to release and relinquish his title, acquired by his contract with Logan.
The decree must be reversed with costs, and the cause be remanded, with directions to the court below to make such further orders and decrees, as shall conform to the former and present opinion of this court.
Robert Wickliffe, Esq. presented the following petition for a modification of the decree, to wit:
The complainants pray a modification of the decree, so as to enable them to lay off the three hundred acres upon land to which Logan has the elder patent, as it is. true, in point of fact, that Young and Johnson take nearly one third of the whole tract, by an elder legal patent.
This modification, it is hoped, will be perfectly consistent with the latitude taken in other respects, in ordering the survey, as the bond does not call for any part, and was, in point of time, before M’Chord’s improvement. Yet the improvement is made by the discretion of the court, to regulate the situation of the survey. If the court can thus modify the contract, they will, it is hoped, allow the complainants to take the land, where Logan has, in point of fact, a title; otherwise, it may turn out, that Logan has no right whatever, to two thirds of the land, as directed to be surveyed; but has a good right to as much as will satisfy the bond outside of the survey, as laid down under the decree.
R. WICKLIFFE.
But the court, on consideration, overruled the petition.